IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.; FCC<br>ENVIRONMENTAL, LLC; and<br>INTERNATIONAL PETROLEUM<br>CORPORATION of DELAWARE,<br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT DECREE**

## TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ....................................................................................2

II.     APPLICABILITY ........................................................................................................2

III.    DEFINITIONS ............................................................................................................3

IV.     CIVIL PENALTY .......................................................................................................4

V.      COMPLIANCE REQUIREMENTS ............................................................................5

VI.     DESIGNATED PROJECT COORDINATORS .........................................................13

VII.    STIPULATED PENALTIES ......................................................................................15

VIII.   FORCE MAJEURE ...................................................................................................17

IX.     DISPUTE RESOLUTION .........................................................................................19

X.      ACCESS/INFORMATION COLLECTION AND RETENTION ...............................21

XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ....................................23

XII.    COSTS ......................................................................................................................25

XIII.   NOTICES ..................................................................................................................25

XIV.    EFFECTIVE DATE ...................................................................................................27

XV.     RETENTION OF JURISDICTION ............................................................................27

XVI.    MODIFICATION ......................................................................................................27

XVII.   TERMINATION ........................................................................................................27

XVIII.  PUBLIC PARTICIPATION .......................................................................................28

XIX.    SIGNATORIES/SERVICE ........................................................................................28

XX.     INTEGRATION .........................................................................................................29

XXI.    FINAL JUDGMENT .................................................................................................29

Plaintiff United States of America "("Plaintiff"), on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action pursuant to Section 311(b)(7)(C) of the Clean Water Act, as amended ("CWA" or the "Act"), 33 U.S.C. § 1321(b)(7)(C) ("Complaint"), against Defendants Siemens Industry, Inc.  ("Siemens"), International Petroleum Corporation of Delaware ("IPC"), and FCC Environmental, LLC ("FCC") (with all defendants, "Defendants," and with Defendants and the United States, "Parties"), for the assessment of civil penalties and injunctive relief in connection with a facility located at 505 South Market Street, Wilmington, Delaware ("Facility").

In its Complaint, being filed concurrently with this Consent Decree, Plaintiff has alleged that Defendants:  (1) failed to prepare and implement an adequate Facility Response Plan ("FRP"), in violation of 40 C.F.R. § 112.20; (2) failed to provide an adequate secondary containment system to prevent the discharge of oil, in violation of 40 C.F.R. § 112.7; and (3) failed to prepare and implement an adequate Spill Prevention, Control, and Countermeasure ("SPCC") Plan, in violation of 40 C.F.R. §§ 112.3 and 112.5.

Defendants do not admit any fact, fault, or liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

The Parties recognize, and the Court, by entering this Consent Decree, finds that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.   JURISDICTION AND VENUE

1.      The United States and, solely for the purpose of this Consent Decree or any action to enforce this Consent Decree, Defendants agree that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and 33 U.S.C. § 1321(n), and over the Parties.  Solely for the purpose of this Consent Decree or any action to enforce this Consent Decree, Defendants agree that venue lies in this District pursuant to 33 U.S.C. § 1321(b)(7)(E), and 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a), because Defendants do business, and because the claims arose, and the alleged violations occurred, within this district.  .

## II.   APPLICABILITY

2.      The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendants and any successors, assigns, or other entities or persons otherwise bound by law.

3.      Absent the written agreement of the United States, no transfer of ownership or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendants of their obligations to ensure that the terms of the Consent Decree are implemented.  At least 30 calendar days prior to such transfer, Defendants IPC and FCC shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA Region 3, the United States Attorney for the District of Delaware, and the United States Department of Justice, in accordance with Section XIII of this Consent Decree ("Notices").  Any attempt to transfer ownership or operation of the Facility without complying with this Paragraph constitutes a violation of this Consent Decree.

4.      Defendants shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Consent Decree, as well as to any contractor retained to perform work required under this Consent Decree.  Defendants IPC and FCC shall require in any and all contracts related to this Facility that the Work that is the subject of such contract be performed within the time and manner set forth in this Consent Decree.

5.      In any action to enforce this Consent Decree, Defendants shall not raise as a defense the failure by any of their officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.   DEFINITIONS

6.      Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Consent Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Complaint" shall mean the complaint filed by the United States in this action;

b.      "Consent Decree" or "Decree" shall mean this Decree;

c.      "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

d.      "Defendants" shall mean Siemens Industry, Inc., International Petroleum Corporation of Delaware, and FCC Environmental, LLP;

3

    e.    "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

    f.    "Effective Date" shall have the definition provided in Section XIV.

    g.    "Facility" shall mean the facility located at 505 South Market Street, Wilmington, Delaware that is currently operated by Defendant International Petroleum Corporations of Delaware d/b/a FCC Environmental;

    h.    "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

    i.    "Parties" shall mean the United States and Defendants;

    j.    "Section" shall mean a portion of this Decree identified by a Roman numeral;

    k.    "United States" shall mean the United States of America, acting on behalf of EPA.

    l.    "Work" shall mean all activities Defendants IPC and FCC are required to perform as set forth in Section V of this Consent Decree.

## IV.   CIVIL PENALTY

7.    Within 30 Days after the Effective Date of this Consent Decree, Defendant Siemens shall pay a total of $300,000 as a civil penalty.  Defendant Siemens' payment as set forth in this paragraph is in satisfaction of the United States' claim for civil penalties for the violations alleged in the Complaint through the date of lodging, regardless of the Defendant to which such penalties are otherwise potentially attributable.

8.    Defendant Siemens shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be

4

provided to Siemens, following lodging of the Consent Decree, by the Financial Litigation Unit

of the U.S. Attorney's Office for the District of Delaware, 1007 Orange Street, Suite 700, P.O.

Box 2046, Wilmington, Delaware, 19899-2046.  At the time of payment, Siemens shall send to

the United States a copy of the EFT authorization form and the EFT transaction record, together

with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant

to the Consent Decree in *United States v. Siemens Industry, Inc. and International Petroleum*

*Corporations of Delaware d/b/a FCC Environmental*, and shall reference the civil action number

and DOJ case number ***fill in*** in accordance with Section XIII of this Decree ("Notices"); by

email to acctsreceivable.CINWD@epa.gov; and by mail to:

>  EPA Cincinnati Finance Office
>  26 Martin Luther King Drive
>  Cincinnati, Ohio 45268

9.      Defendants shall not deduct any penalties paid under this Decree pursuant to this

Section or Section VII ("Stipulated Penalties") in calculating their federal income tax.

## V.   COMPLIANCE REQUIREMENTS

10.     Defendants IPC and FCC ("IPC/FCC") shall commence and complete the Work,

including the compliance requirements set forth in this Section V,  within the time periods

specified.

11.     Defendants IPC/ FCC shall comply with Part 112 of the Oil Pollution Prevention

Regulations ("Regulations"), including, but not limited to, Section 112.7, Section 112.8, and

Section 112.20(d)(1) of the Regulations, 40 C.F.R. §§ 112.7, 112.8, and 112.20(d)(1).

12.     Defendants IPC/ FCC shall comply with Section 112.7(c) of the Regulations, 40

C.F.R. § 112.7(c), which requires the owner or operator of the Facility to provide appropriate

containment and/or diversionary structures or equipment to prevent a discharge of oil into

navigable waters or onto adjacent shorelines. The entire containment system, including walls and floor, must be capable of containing oil and must be constructed so that any discharge from a primary containment system, such as a tank, will not escape the containment system before cleanup occurs. *Id.* As set forth at Section 112.7(c) of the Regulations, the Facility must utilize one of the prevention systems or its equivalent set forth in Section 112.7(c)(1). *Id.*

13.     Defendants IPC/FCC shall comply with the Regulations, specifically, 40 C.F.R. § 112.8. Section 112.8(a) of the Regulations, provides, among other things, that in addition to meeting the general requirements under Section 112.7, the Facility must comply with the specific discharge prevention and applicable containment procedures listed in Section 112.8. 40 C.F.R. § 112.8(c)(2), provides that all bulk storage tank installations be constructed so as to provide a secondary means of containment for the entire capacity of the largest single container and sufficient freeboard to contain precipitation. Diked areas must be sufficiently impervious to contain discharged oil. *Id.* Section 112.8(c)(2) further provides that an owner or operator of a facility may use an alternative system consisting of a drainage trench enclosure that must be arranged so that any discharge will terminate and be safely confined in a facility catchment basin or holding pond. *Id.*

14.     Defendants IPC/ FCC shall comply with Section 112.7(a) of the Regulations, 40 C.F.R. § 112.7(a), which requires the Facility to provide in its SPCC Plan an accurate discussion of the Facility's compliance with Part 112 of the Regulations. The Facility's SPCC Plan shall include an accurate discussion of the Facility's compliance with the containment and/or diversionary structures or equipment requirements set forth in Section 112.7(c) of the Regulations and the specific discharge prevention and containment procedures set forth in Section 112.8(c)(2).

15.     Defendants IPC/ FCC shall comply with Section 112.20(d)(1) of the Regulations, 40 C.F.R. § 112.20(d)(1), which requires the owner or operator of a facility for which an FRP is required under the Regulations to revise and resubmit revised portions of the response plan of each facility change that materially may affect the response to a worst case discharge.

16.     Defendants IPC/ FCC shall revise and resubmit to EPA revised portions of the Facility's FRP to accurately discuss the Facility's compliance with containment and/or diversionary structures or equipment requirements set forth in Section 112.7(c) of the Regulations, and discharge prevention and containment procedures set forth in Section 112.8(c)(2).

17.     Within 15 business days of the effective date of this Consent Decree, Defendants IPC/ FCC shall notify EPA in writing of the identity and qualifications of the contractor, subcontractor, supervisory personnel, and other persons who will be primarily responsible for developing the Work Plan required by this Section.  Defendants IPC/ FCC shall further notify EPA in writing of the identity and qualifications of all contractors, subcontractors, supervisory personnel and other persons selected by Defendants IPC/ FCC who will conduct all or any portion of the Work no less than 5 business days prior to commencement of the Work to be performed by such persons.  Defendants IPC/FCC shall ensure that all contractors, subcontractors, supervisory personnel and/or other persons retained to perform response actions shall meet the applicable Occupational Safety and Health Administration ("OSHA") requirements as defined in 29 C.F.R. § 1910.120.  Defendants IPC's/FCC's selection of all contractors, subcontractors, supervisory personnel and other persons who will perform Work; Defendants IPC's/FCC's Project Coordinator designated pursuant to Section VI; and any replacements to any such persons are subject to disapproval by EPA at any time.  In the event of

any such disapproval by EPA, Defendants IPC/FCC shall notify EPA within 15 business days of receipt of such EPA disapproval of the person(s) who will replace the one (those) disapproved by EPA. If a person's selection is disapproved by EPA, that person shall not perform such specified response action.

18.    Within 21 business days of the effective date of this Consent Decree, Defendants IPC/FCC shall submit to EPA for approval a Work Plan detailing actions to be taken to comply with Sections 112.7(c) and 112.8 of the Regulations, as referred to in Paragraphs 12 and 13 of this Consent Decree. The Work Plan shall include, among other things, a schedule for expeditious performance of such response actions.

19.    EPA will review the Work Plan and notify Defendants IPC/FCC of EPA's approval or disapproval of the Work Plan. In the event of disapproval, EPA will specify the deficiencies in writing. Defendants IPC/FCC shall respond to and correct the deficiencies identified by EPA and resubmit the Plan to EPA within 15 business days of receipt of EPA disapproval or such longer time as may be specified by EPA in its discretion. Exercise of EPA's discretion with respect to such period shall not be subject to the dispute resolution procedures set forth in Section IX of this Consent Decree. Approval, disapproval and/or modification by EPA of the subsequent Work Plan submission shall be according to the provisions of Paragraph 24 below.

20.    Within 15 business days of receipt from EPA of written approval to proceed with implementation of any EPA-approved plan ("written approval to proceed"), Defendants IPC/FCC shall commence implementation of such plan and complete it in accordance with the plan and the schedule therein.

21.     In the event EPA determines that any Work performed is deficient and EPA requires Defendants IPC/FCC to correct or re-perform such Work pursuant to this Consent Decree, Defendants IPC/FCC shall correct or re-perform such Work in accordance with a schedule approved by EPA.

22.     Beginning 15 Days subsequent to the effective date of this Consent Decree and every 30 Days thereafter, or such longer interval as may be determined in writing by the EPA Project Coordinator designated pursuant to Section VI of this Consent Decree, and until EPA advises Defendants IPC/FCC that the Work is complete, Defendants IPC/FCC shall provide EPA with a progress report for each preceding 30-day period or, if applicable, the period specified in writing by the EPA Project Coordinator.  The progress reports shall include, at a minimum: (a) a description of the Work completed and the actions that have been taken toward achieving compliance with this Order; (b) a description of all data anticipated and activities scheduled for the next reporting period; (c) a description of any problems encountered or anticipated; (d) any actions taken to prevent or mitigate such problems; (e) a schedule for when such actions will be completed; (f) copies of all analytical data received during the reporting period; and (g) all modifications to the Work, Plans, and schedule made in accordance with this Consent Decree.

23.     Documents, including plans and reports submitted pursuant to this Consent Decree, shall be sent by electronic mail, overnight mail, or equivalent delivery to the EPA Project Coordinator designated pursuant to Section VI of this Consent Decree.

24.     All reports, plans, approval letters, specifications, schedules and attachments required by this Consent Decree are subject to EPA approval and shall be deemed incorporated into this Consent Decree upon approval by EPA.  In the event that EPA approves a portion of any plan, report or other item required to be submitted under this Consent Decree, the approved

portion shall be enforceable under this Consent Decree.  In the event of conflict between this

Consent Decree and any document attached hereto, incorporated in or enforceable hereunder, the

provisions of this Consent Decree shall control.  In the event that EPA disapproves any required

submission, EPA will: (a) specify the deficiencies in writing; and/or (b) submit its own

modifications to Defendants IPC/ FCC to accomplish the Work.  Defendants IPC/FCC shall

amend and submit to EPA a revised submission that responds to and corrects the specified

deficiencies within 15 business days of receipt of EPA disapproval or such longer time as may be

specified by EPA in its discretion.  Exercise of EPA's discretion with respect to such period shall

not be subject to the dispute resolution procedures set forth in Section IX of this Consent Decree.

In the event that EPA submits its own modifications to Defendants IPC/ FCC, Defendants IPC/

FCC are hereby required to incorporate such modifications.  Any non-compliance with EPA-

approved reports, plans, specifications, schedules, attachments, or submission of deficient

revisions following EPA disapproval or non-compliance with an EPA-required modification

shall be considered a failure to comply with a requirement of this Consent Decree.

     25.     In addition to the information and documents required by this Consent Decree,

Defendants IPC/ FCC shall provide to EPA, upon written request, any and all information and

documents in their possession, custody or control resulting from and/or pertaining to Work

performed by Defendants IPC/FCC including, but not limited to, analytical data (including raw

data); Facility safety data; Facility monitoring data; operational logs; the identity of any

contractors, subcontractors and supervisory personnel used; and information and documents

relating to any project delays.  Nothing herein shall be interpreted as limiting the inspection and

information-gathering authority of EPA under federal law.

26.     Within 30 Days of the date that Defendants IPC/ FCC conclude they have completed implementation of the Work Plan, and any EPA-approved modification thereto, Defendants IPC/FCC shall submit a written Final Report to EPA, subject to EPA approval described in Paragraph 24, above.  The written report shall detail the work undertaken to implement the Work Plan and shall be certified by a responsible official of Defendants IPC/FCC. The term "responsible official" means: (a) a president, secretary, treasurer or vice-president of the corporation in charge of a principal business function, or any other person who performs similar policy or decision-making functions for the corporation(s); or (b) the manager of one or more manufacturing facilities employing more than 250 persons or having gross annual sales or expenditures exceeding $35 million (in 1987's dollars when the consumer price index was 345.3), if authority to sign documents has been assigned or delegated to the manager in accordance with corporate procedures.  The responsible official of a partnership or sole proprietorship is the general partner or the proprietor, respectively.

27.     EPA will review the adequacy of implementation by Defendants IPC/FCC of the Work Plan.  EPA will notify Defendants IPC/FCC, in writing, of any discrepancies in the Final Report or deficiencies in the execution of the Work Plan, and the actions required to correct such discrepancies or deficiencies.  Within 15 business days of receipt of notification by EPA, or as otherwise specified by EPA, Defendants IPC/ FCC shall, as directed by EPA, amend the Final Report, develop an additional plan or amend any existing plan to address such discrepancies or deficiencies.  Any additional plan or amendment to an existing plan will be subject to the approval procedures outlined in Paragraphs 19 and 24, above.

28.     Within 60 Days of receipt by Defendants IPC/ FCC of EPA's approval of the Final Report, Defendants IPC/ FCC shall revise and submit to EPA the following:

11

a.      A revised SPCC Plan in accordance with Section 112 of the Regulations, including but not limited to an accurate discussion of the Facility's compliance with secondary containment requirements set forth in Sections 112.7(c) and 112.8 of the Regulations and as implemented in accordance with the Work Plan;

b.      A revised FRP, in accordance with Section 112.20(d)(1) of the Regulations, which requires the Facility to revise and resubmit revised portions of the response plan of each Facility change that materially may affect the response to a worst case discharge. Such revisions should include a description of the Facility's compliance with secondary containment requirements set forth in Sections 112.7(c) and 112.8 of the Regulations and as implemented in accordance with the Work Plan.

29.      EPA will review the adequacy of the revised SPCC Plan and FRP submitted by Defendants IPC/FCC.  EPA will notify Defendants IPC/FCC, in writing, of any discrepancies or deficiencies in the revised SPCC Plan and/or FRP, and the actions required to correct such discrepancies or deficiencies.  Within 15 business days of receipt of notification by EPA, or as otherwise specified by EPA, Defendants IPC/FCC shall, as directed by EPA, amend the SPCC Plan and/or FRP to address such discrepancies or deficiencies.

30.      Defendants IPC/FCC shall not commence any Work except in conformance with the terms of this Consent Decree.  Defendants IPC/FCC shall not commence implementation of the Work Plan, or any modification thereto, developed hereunder until receiving written EPA approval to proceed pursuant to Paragraph 19.

31.      Defendants IPC/FCC shall immediately notify EPA's Project Coordinator and the National Response Center [(800) 424-8802] in the event of any action or occurrence during the pendency of this Consent Decree that causes or threatens to cause a release of oil, hazardous

12

substances, pollutants or contaminants on, at, or from the Facility, or which may create a danger

to public health or welfare of the United States.   If any incident, or change in Facility conditions,

during the actions conducted pursuant to this Consent Decree causes or may cause a substantial

threat of a discharge or additional discharge of oil or hazardous substances from the Facility or a

substantial threat to the public health or welfare of the United States (including but not limited to

fish, shellfish, wildlife, other natural resources, and the public and private beaches and shorelines

of the United States), Defendants IPC/FCC shall immediately take all appropriate action.

Defendants IPC/ FCC also shall immediately notify the EPA Project Coordinator or, in the event

of his/her unavailability, shall notify the Regional Duty Officer [(215) 814-9016] of the incident

or Facility conditions.

Any information provided pursuant to this Consent Decree may be used by the United

States in any proceeding to enforce the provisions of this Consent Decree and as otherwise

permitted by law.

## VI.   DESIGNATED PROJECT COORDINATORS

32.     Defendants IPC/FCC shall designate a Project Coordinator and shall notify EPA

of such designation no later than 15 calendar days after the effective date of this Consent Decree.

Designation of a Project Coordinator shall not relieve Defendants IPC/FCC of their obligations

to comply with all requirements of this Consent Decree.   Defendants IPC's/FCC's Project

Coordinator shall be a technical and/or managerial representative of Defendants IPC/FCC and

may be a contractor and/or consultant; provided, however, Defendants IPC's/FCC's Project

Coordinator shall not be their legal representative in this matter.   The Project Coordinator for

EPA designated pursuant to this Section and the Project Coordinator for Defendants IPC/FCC

shall be responsible for overseeing the Work.   To the maximum extent possible, communications

between Defendants IPC/FCC and EPA and all documents concerning the activities performed

pursuant to the terms and conditions of this Consent Decree, including plans, reports, approvals,

and other correspondence, shall be directed to the Project Coordinators.

33.     The Project Coordinator for EPA is:

    Arlín Galarza-Hernández, FRP Coordinator
    U.S. EPA Region III, Office of Enforcement
    Oil and Prevention Branch (3HS61)
    1650 Arch Street, Philadelphia, PA  19103-2029
    (215) 814-3223

34.     Defendants IPC/FCC shall have the right to change their Project Coordinator.

Such a change shall be accomplished by notifying the EPA Project Coordinator in writing at

least 5 Days prior to the change.

35.     EPA shall have the right to change its Project Coordinator at any time without

prior notice to Defendants IPC/FCC.  EPA's intent is to notify Defendants IPC/FCC as soon as

practicable following any such change of its Project Coordinator.

36.     The absence of the EPA Project Coordinator for the Facility shall not be cause for

the stoppage or delay of Work except when such stoppage or delay is specifically required by

EPA.

37.     The EPA Project Coordinator is authorized to oversee the proper and complete

implementation of this Consent Decree including the authority to:  halt or modify Work or other

activities performed by Defendants IPC/FCC at the Site to eliminate a release or threat of release

of oil or hazardous substances.  Such direction by the EPA Project Coordinator may be given

verbally or in writing.  If such direction is given verbally, the EPA Project Coordinator will later

memorialize such direction in writing.

38.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.    STIPULATED PENALTIES

39.     Defendants shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

40.     Late Payment of Civil Penalty.  If Defendant Siemens fails to pay the civil penalty amount required to be paid under Section IV of this Decree (Civil Penalty) when due, Siemens shall pay a stipulated penalty of $1,000 per Day for each Day that the payment is late.

41.     Compliance Milestones.

Defendants IPC/FCC shall be assessed the following stipulated penalties, which shall accrue per violation per Day for each violation of the requirements identified in Section V (Compliance) of this Consent Decree:

| Penalty per violation per day | Period of noncompliance |
|---|---|
| $ 1,000 | 1st through 14th day |
| $ 2,000 | 15th through 30th day |
| $ 3,000 | 31st day and beyond |

42.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due and shall continue to accrue until performance is satisfactorily completed. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

43.     Defendants shall pay any stipulated penalty within 30 Days of receiving the United States' written demand unless Defendants invoke the procedures under Dispute Resolution as provided in Section IX .

44.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

45.     Stipulated penalties shall continue to accrue as provided in Paragraphs 40 during any Dispute Resolution as provided in Section IX , but need not be paid until the following:

a.      If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, Defendants shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendants shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below. If Defendants prevail, no accrued penalties associated with the dispute shall be due.

c.      If any Party appeals the District Court's decision, Defendants shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

46.     Defendants shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 8, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

47.     If Defendants fail to pay stipulated penalties according to the terms of this Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

48.     Subject to the provisions of Section XI of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendants' violation of this Consent Decree or applicable law.  Where a violation of this Consent Decree is also a violation of the Act and/or the regulations implementing the Act, Defendants shall be allowed a credit, for any stipulated penalties paid, against any statutory penalties imposed for such violation.

## VIII.   FORCE MAJEURE

49.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendants, of any entity controlled by Defendants, or of Defendants' contractors, which delays or prevents the performance of any obligation under this Consent Decree despite Defendants' best efforts to fulfill the obligation.  The requirement that Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible.  "Force Majeure" does not include Defendants' financial inability to perform any obligation under this Consent Decree.

50.     If any event occurs or has occurred that may delay the performance by Defendants IPC/FCC of the Work as required under this Consent Decree, whether or not caused by a force majeure event, Defendants IPC/FCC shall provide notice by electronic mail, overnight mail, or equivalent expeditious delivery to the attention of the EPA Project Coordinator within 72 hours of when Defendants IPC/FCC first knew that the event might cause a delay.  Within 7 Days thereafter, Defendants IPC/FCC shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendants IPC's/FCC's rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of Defendants IPC/FCC, such event may cause or contribute to an endangerment to public health, welfare or the environment.  Defendants IPC/FCC shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Defendants IPC/FCC from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendants IPC/FCC shall be deemed to know of any circumstance of which Defendants IPC/FCC, any entity controlled by Defendants IPC/FCC, or Defendants IPC's/FCC's contractors knew or should have known.

51.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.  An extension of the time for performance of the obligations affected by the force

18

majeure event shall not, of itself, extend the time for performance of any other obligation. EPA will notify Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

52.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Defendants in writing of its decision.

53.     If Defendants elect to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), they shall do so no later than 15 Days after receipt of EPA's notice. In any such proceeding, Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendants complied with the requirements of Paragraphs 49 and 50, above. If Defendants meet this burden, the delay at issue shall be deemed not to be a violation by Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## IX.  DISPUTE RESOLUTION

54.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. In an action by the United States to enforce any obligation of Defendants arising under this Consent Decree, Defendants may not raise any issue or defense that could have been, but was not, raised in Dispute Resolution under this Section.

55.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendants send the United States a written Notice of Dispute.

Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 30 Days after the conclusion of the informal negotiation period, Defendants invoke formal dispute resolution procedures as set forth below.

56.    Formal Dispute Resolution.  Defendants shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendants' position and any supporting documentation relied upon by Defendants.

57.    The United States shall serve its Statement of Position within 45 Days of receipt of Defendants' Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendants, unless Defendants file a motion for judicial review of the dispute in accordance with the following Paragraph.

58.    Defendants may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within 10 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendants' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the

20

relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

59.    The United States shall respond to Defendants' motion within the time period allowed by the Local Rules of this Court.  Defendants may file a reply memorandum, to the extent permitted by the Local Rules.

60.    <u>Standard of Review</u>.  In any dispute arising under this Consent Decree, Defendants shall bear the burden of demonstrating that their position complies with this Consent Decree and applicable law, and that Defendants are entitled to relief according to a standard of review based on applicable law.

61.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendants under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, subject to the provisions of Paragraphs 40and 41, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 45.  If Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII (Stipulated Penalties).

## X.  ACCESS/INFORMATION COLLECTION AND RETENTION

62.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into the Facility, at all reasonable times, upon presentation of credentials, to:

a.    monitor the progress of activities required under this Consent Decree;

b.    verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.      obtain documentary evidence, including photographs and similar data; and

d.      assess Defendants' compliance with this Consent Decree.

63.     Until 3 years after the termination of this Consent Decree, Defendants shall retain, and shall instruct their contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in their or their contractors' or agents' possession or control, or that come into their or their contractors' or agents' possession or control, and that relate in any manner to Defendants' performance of their obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Defendants shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

64.     At the conclusion of the information-retention period provided in the preceding Paragraph, Defendants shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendants shall deliver any such documents, records, or other information to EPA.  Defendants may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Defendants assert such a privilege, they shall provide the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendants.

22

However, no documents, records or other information required to be generated or submitted pursuant to the requirements of this Consent Decree shall be withheld on the grounds of privilege.

65.     Defendants may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Defendants seek to protect as CBI, Defendants shall follow the procedures set forth in 40 C.F.R. Part 2.

66.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendants to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

67.     Any information provided pursuant to this Consent Decree may be used by the United States in a proceeding to enforce this Consent Decree, or as otherwise permitted by law.

## XI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

68.     Effect of Settlement as to Defendants.

a.     Entry of this Consent Decree and Defendant Siemens' performance of its payment obligations in (1) Section IV (Civil Penalty) and (2) Section VII (Stipulated Penalties), if any, resolves the civil claims of the United States as to Defendant Siemens for the violations alleged in the Complaint filed in this action through the date of lodging.

b.     Entry of this Consent Decree and Defendants IPC's/FCC's full and satisfactory completion of its obligations under Section V (Compliance Requirements) resolves

the civil claims of the United States for the violations as to Defendants IPC/FCC alleged in the Complaint filed in this action through the date of lodging.

69.     Except as otherwise provided in this Consent Decree, the United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. Except as otherwise provided in this Consent Decree, this Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions.

70.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facility or Defendants' violations, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to this Consent Decree. Except as provided in this Consent Decree, Defendants do not waive any right or defense they may have in connection with any other action brought by the United States.

71.     This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations.  Defendants are responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendants' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendants' compliance with any aspect of this Consent Decree will result in

compliance with provisions of the Act or with any other provisions of federal, state, or local laws, regulations, or permits.

72.     This Consent Decree does not limit or affect the rights of Defendants or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendants, except as otherwise provided by law.

73.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XII.   COSTS

74.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendants provided that the United States prevails in whole or in part in such action.

## XIII.   NOTICES

75.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

To the United States:

As to EPA:

Arlín Galarza-Hernández, FRP Coordinator
U.S. EPA Region III, Office of Enforcement
Oil and Prevention Branch (3HS61)
1650 Arch Street, Philadelphia, PA  19103-2029
(215) 814-3223

Joan A. Johnson (3RC41)
Sr. Assistant Regional Counsel
 U.S. EPA Region III
1650 Arch Street, Philadelphia, PA  19103-2029
(215) 814-2619

To Defendant Siemens:

Orlyn O. Lockard, III, Esq.
Senior Counsel
Siemens Corporation
3333 Old Milton Parkway
Alpharetta, Georgia  30005-4437
(770) 751-2381

To Defendants IPC/FCC:

Scott Crandall
FCC Environmental, LLC
Corporate Director EH&S
105 S. Alexander Street
Plant City, FL  33563

Daniel J. Biederman, Esq.
Biederman & Novi, LLC
19 South LaSalle Street, Suite 902
Chicago, IL 60603
(312) 238-8978

76.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

77.    Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.   EFFECTIVE DATE

78.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV.    RETENTION OF JURISDICTION

79.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XVI.   MODIFICATION

80.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

81.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX of this Decree (Dispute Resolution).

## XVII.  TERMINATION

82.     After Defendant Siemens has paid the civil penalty, and Defendants have paid any accrued stipulated penalties as required by this Consent Decree, and Defendants IPC/FCC have completed the requirements of Section V (Compliance Requirements) of this Decree, Defendants may serve upon the United States a Request for Termination, stating that Defendants have satisfied those requirements, together with all necessary supporting documentation. The United States may, upon notice to the Defendants, move to terminate this Consent Decree after Defendants have satisfied such requirements.

83.     Following receipt by the United States of Defendants' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree. If the United States does not agree that the Decree may be terminated, Defendants may invoke Dispute Resolution under Section IX of this Decree. However, Defendants shall not seek Dispute Resolution of any dispute regarding termination until 60 Days after service of their Request for Termination.

## XVIII.   PUBLIC PARTICIPATION

84.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Defendants consent to entry of this Consent Decree without further notice and agree not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Decree.

## XIX.   SIGNATORIES/SERVICE

85.     Each undersigned representative of Defendants and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

86.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Defendants agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XX.   INTEGRATION

87.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XXI.   FINAL JUDGMENT

88.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this day of _____, ____.


_____
UNITED STATES DISTRICT JUDGE
District of Delaware

FOR PLAINTIFF UNITED STATES OF AMERICA:

CHARLES M. OBERLY, III
UNITED STATES ATTORNEY
District of Delaware
1007 N. Orange St., Suite 700
Wilmington, DE 19801

Dated: 5|4|12

SHAWN M. GARVIN
Regional Administrator
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029


MARCIA E. MULKEY
Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029


JOAN A. JOHNSON
Sr. Assistant Regional Counsel
Office of Regional Counsel
U.S. EPA Region III
1650 Arch Street
Philadelphia, PA 19103-2029

31

FOR DEFENDANT SIEMENS INDUSTRY, INC.

_____5/1/2012_____
Date

Name: _____
DARRYL L. PEAKE
ASSISTANT SECRETARY

Title: _____

Address: _100 Technology Dr_____

_Alpharetta, GA 30005_

_____


FOR DEFENDANT INTERNATIONAL PETROLEUM CORPORATION of DELAWARE
d/b/a FCC ENVIRONMENTAL

_____
Date

Name: _____

Title: _____

Address: _____

_____

_____

32

FOR DEFENDANTS INTERNATIONAL PETROLEUM CORPORATION of DELAWARE
and FCC ENVIRONMENTAL LLC

May 14, 2012

Date

Name: _Daniel J. Biederman_

Title: _IL's Attorney_

Address: _19 S. LaSalle St._

_Chicago, IL 60003_